## UNITED STATES LINES COMPANY
### v.
### The UNITED STATES.
### No. 244–53.

United States Court of Claims.

Nov. 7, 1956.

Louis J. Gusmano, New York City, Kirlin, Campbell & Keating, New York City, Robert E. Kline, Jr., Washington, D. C., and Donald D. Geary, New York City, on the briefs, for plaintiff.

Charles S. Haight, Jr., Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues to recover additional compensation for husbanding services rendered to the vessel *John Ericsson* under a contract with the War Shipping

Administration. By a contract dated June 17, 1941, the War Shipping Administration and the plaintiff made a general agency agreement in the standard form. The agreement was designated WSA–342. Under it, the plaintiff agreed to act as general agent to manage and conduct the business of 44 Government-owned vessels, named in the agreement. Forty-three of the vessels were dry-cargo vessels. The other one was the *John Ericsson,* a three-deck passenger vessel of some 16,000 tons.

Article 5 of the agreement said:

"At least once a month the United States shall pay to the General Agent as full compensation for the General Agent's services hereunder, such fair and reasonable amount as the Administrator, War Shipping Administration, shall from time to time determine * * *."

At the place in the agreement where the *John Ericsson* was named, a footnote was appended which said:

"This vessel is subject to all of the terms and conditions of this agreement, except as to compensation. For this vessel, the General Agent shall be paid at the rate of $5,000.00 per calendar month, *provided* however, that such compensation may be changed by the Administrator at any time upon 30 days written or telegraphic notice."

The Administrator issued orders fixing the compensation payable under the standard agreements of the plaintiff and other agents. The first was General Order 12 issued about June 1942. This order contained the statement that "the Administrator reserves the right to exempt specific operations from the scope of this General Order 12.

In January 1944, the Administrator issued a new compensation order, General Order 34. It contained the same reservation as General Order 12.

On July 8, 1944, the plaintiff and the War Shipping Administration signed an addendum to their WSA–342 contract. This addendum applied only to the *John*

*Ericsson* because it concerned only passenger vessels and that was the only passenger vessel operated by the plaintiff under its agency agreement. The addendum required the agent to perform certain duties peculiar to the operation of passenger vessels. It contained also the exact language of the original agreement, quoted above, stating that the *John Ericsson* was subject to all the terms and conditions of the agreement, except as to compensation, and fixing the plaintiff's compensation at $5,000 per month.

On February 21, 1947, the Administrator promulgated Supplement 3 to General Order 56, effective retroactively to January 1, 1946. It fixed compensation for services in the management of various types of vessels, including passenger vessels, and by its terms included vessels of the type of the *John Ericsson*. It contained the same provision as the earlier General Orders, reserving to the Administrator the right to exempt specific operations from its scope. The fees set for various services by General Order 56 would have resulted in the plaintiff's earning considerably more than the $5,000 per month provided in agreement WSA–342.

The plaintiff billed the Government at the rates fixed in General Order 56 and the Government paid those bills, inadvertently, it says. It later paid itself back the difference between those bills and $5,000 per month, out of moneys otherwise due from it to the plaintiff.

The *John Ericsson* was redelivered to the Government on April 28, 1947, and the contract between the parties, as to that vessel, was terminated. The instant suit is for the sums which would have been earned under General Order 56, between January 1, 1946, and April 28, 1947, less the $5,000 per month which was paid. The difference is alleged to be $123,761.79.

General Order 56 contained a paragraph which appears in 46 CFR (1949 ed.) 306.203(a), which says that if the rates provided in the General Order are found by the Administrator not to represent a fair and reasonable compensation,

in the case of a particular agent, then "the Administrator, at his discretion, but without discrimination as between Agents for similar services, may adjust such compensation in such amount as he shall determine to be fair and reasonable under the circumstances."

The plaintiff points to this language as expressing the spirit of General Order 56, and urges that for the Government to hold the plaintiff to its $5,000 agreed fee, when other agents rendering the same services were getting the larger payments specified in General Order 56, is a violation of the spirit of the order, and could not have been intended by the Administrator when he issued the order.

The Government points out that the original agreement with the plaintiff was that, as to 43 of the ships covered by the agreement, the Administrator would from time to time fix rates of compensation, but as to the *John Ericsson* the agreement itself fixed the rate, and provided that it could be changed only after 30 days' written notice. The Government says that the subsequently issued General Orders Nos. 12, 34, and 56 were the fixing of rates contemplated in the original contract for ships whose rates were not fixed in the contract. It says that the Administrator was not empowered to fix rates for the *John Ericsson* by order, since they were already fixed by a contract which provided that they could not be changed except upon 30 days' written notice.

The plaintiff says that while its compensation could not have been reduced except after the specified notice, the Administrator was empowered by the First War Powers Act to increase the compensation provided for in a contract. 50 U.S.C.A.Appendix, § 611. However, this power was to be exercised only when, in the judgment of the Administrator, it was necessary to do so in order to further the prosecution of the war. We have no knowledge as to whether such a conclusion would have been justified. There is nothing to indicate that the plaintiff was in danger of becoming financially unable to perform its contract at the price fixed in the contract.

We think that there was no obligation on the part of the Government to increase the plaintiff's compensation, even though holding it to the agreed $5,000 figure after the promulgation of General Order 56 did discriminate against the plaintiff and did violate the expression of purpose contained in one paragraph of the order. The only ground, then, on which the plaintiff could have become entitled to the rates prescribed in the order would have been that the Administrator intended that the order should apply to the ship in question. But if he did so intend, he would, logically, have either made some finding or declaration justifying his action under the First War Powers Act, or he would have given the prescribed notice of an intent to change the rates.

The plaintiff says that the fact that the Government paid, for a time, bills based on the rates prescribed in General Order 56, shows that the order was intended to be applicable to the vessel. The Government says that these payments were made inadvertently, and the other admitted circumstances indicate that this must have been the case.

Our conclusion is that General Order 56 did not apply to the ship in question. The plaintiff's motion for summary judgment is therefore denied, and the defendant's similar motion is granted. The plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.